# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LEVI G. SPRINGER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00663 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN DAVID E. ANDERSON, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Levi Springer, Pro Se Plaintiff.*

The plaintiff, Levi G. Springer, a state inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, complaining about the type and timing of medical and mental health care, among many other things, between August and November 2022. Springer has not prepaid the necessary filing costs to proceed with a civil rights action and requests in forma pauperis status under 28 U.S.C. § 1915(g), which would allow him to pay the filing fee through installments from his inmate trust account. After review of his pleadings, I conclude that he does not qualify to do so, because of his current allegations and his prior frivolous filings in this court. Accordingly, I will summarily dismiss this lawsuit under § 1915(g).

Springer's Complaint concerns events that occurred after his transfer to River North Correctional Center (River North) on August 11, 2022. His lengthy

Complaint includes five misjoined, numbered claims addressing generally the following issues: (1) he has not received surgery for a cyst on his leg and a shoulder injury; (2) mental health providers have adjusted his mental health medication to meet requirements at River North; (3) his eye medication is now being provided only through sick call, and his eye glasses were confiscated because they were cracked; (4) in October 2022, Springer had problems with a cellmate in the mental health pod that led to an physical altercation between them; officers pepper sprayed Springer and moved him to segregation; and (5) in segregation, Springer's self-harm actions resulted in four disciplinary charges. The Complaint's attachments include other topics, such as not receiving COVID-19 stimulus payments and being denied access to a notary, the law library, and cleaning materials for his cell.[1]

Springer purportedly signed and dated his Complaint on November 12, 2022. Liberally construed, as relief in this case, he seeks an unspecified surgery and reinstatement of one of his mental health medications.

Under the Prison Litigation Reform Act of 1995, all prisoner litigants must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. 28 U.S.C. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" —

---

[1] I note that Springer's Complaint is inconsistent with the Federal Rules of Civil Procedure governing joinder of claims and defendants. Fed. R. Civ. P. 18, 20.

those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Springer has brought such actions or appeals on three or more prior occasions, including *Springer v. Clarke*, No. 12-6100 (4th Cir. April 11, 2012) (denying application to proceed in forma pauperis on appeal under § 1915(g), based on three "strikes") (citing *Springer v. Shaw*, No. 1:09-cv-01339-LO-IDD (E.D. Va. Jan. 4, 2010); *Springer v. Reid*, No. 1:10-cv-01392-LO-TCB (E.D. Va. Feb. 14, 2011); and *Springer v. Reid*, No. 1:10-cv-01445-LO-TRJ (E.D. Va. Feb. 14, 2011)). Accordingly, Springer may proceed without prepayment of the filing fee only if he shows that he is in imminent danger of serious physical injury. § 1915(g).

The "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct").) Thus, this

"imminent danger" exception "allows a three-strikes litigant to proceed [without prepayment of the filing costs] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

Where a three-striker inmate's allegations reflect that he has had access to medical or mental health care and simply disagrees with the opinions of the medical personnel who have examined and treated him, he fails to satisfy the imminent danger requirement of 28 U.S.C. § 1915(g). *Hernandez v. Williams*, No. 21CV347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021). An inmate cannot create the imminent danger. In other words, he may not use an allegation of future self-harm as an imminent danger to bypass § 1915(g). *Godfrey*, 2019 WL 4034452, at *3 (citing other cases).

Many of Springer's claims concern past occurrences that did not threaten him with imminent harm in November 2022 when he submitted his Complaint. His claims also rest on his disagreement with professional judgments by the medical and mental health staff as to the type of treatment his symptoms or conditions have indicated under the circumstances they have evaluated. Such past or current disagreements between a patient and medical professionals cannot, without more, support a finding that Springer was in imminent danger of serious physical harm when he filed his current lawsuit.

For the stated reasons, I cannot find that Springer is eligible to proceed without prepayment of the filing fee under the imminent danger exception in § 1915(g). Because he has not prepaid the $350 filing fee or the $50 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED: November 29, 2022

/s/ JAMES P. JONES
Senior United States District Judge